UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CATHERINE BEARD,

        Plaintiff,

                                                  Case No. 15-CV-14374

vs.

                                                  HON. GEORGE CARAM STEEH

TARGET CORPORATION,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DOC. 15]

      Plaintiff Catherine Beard filed this premises liability action after she fell when stepping up from the parking lot onto the curb of one of defendant Target Corporation's stores. Plaintiff contends that she suffered injuries due to a defective condition on Target's property. The matter is presently before the court on Defendant's motion for summary judgment. The court heard oral argument on the motion on September 12, 2016. For the reasons stated below, defendant's motion to dismiss is DENIED.

## FACTUAL BACKGROUND

      On October 24, 2012, plaintiff fractured her arm after falling as she stepped onto the curb from the parking lot at the Target store in Auburn Hills, Michigan. It was a dry sunny day and plaintiff was wearing flip flops. In a recorded statement made five days after the incident to a Target official, plaintiff described approaching the store entrance from the parking lot, while carrying her two year old daughter:

> And I stepped up over the curb and I caught my shoe on a piece of the curb. And I was trying to brace my fall while holding my daughter. And I fell head first into the concrete pillar between the garbage can and the wall with my right shoulder and my head.

(Statement, Response Brief Ex. F)  Plaintiff described the area in which the front of her shoe got caught in a deteriorated portion of the curb as being where the handicapped ramp met the curb.  *Id.*  She fell forward and her head hit the concrete pillar.  Plaintiff's fall was broken by her right arm and her head. *Id.*  Plaintiff's daughter, whom she held in her left arm, was not injured.

At her deposition on March 14, 2016, taken more than three years after the accident, plaintiff stated several times that she could not remember exactly where on the curb she caught her shoe.  She located a deteriorated area on a photograph of the curb where it might have been.  (Beard dep., pp. 36-42)  Plaintiff testified that she saw the curb as she was walking toward the front of the store, but she does not think she was looking down when she actually stepped onto the curb.  *Id.* at 38.  The area identified by plaintiff at her deposition is not the same area she identified during her earlier statement given to defendant.  The area identified during the statement was a deteriorated section of the curb continguous with the handicapped ramp, or cutaway.  Photographs taken by Target personnel of this area show that a piece of rubber caulk protruded from the gap created by the deterioration.  (Exhibits B and C, Response Brief)  The area identified during plaintiff's deposition is a section of the curb where the concrete was eroded on either side of the crack where two slabs of concrete met.  This erosion was present on both the top and vertical faces of the curb.

As a result of the fall, plaintiff hit a nearby wall with her head and arm, fracturing the bones in her upper right arm.

STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (*citing Anderson*, 477 U.S. at 252).

## ANALYSIS

### I. Duty of Property Owner

Property owners in Michigan owe a duty to business invitees to maintain their premises in a reasonably safe condition and of exercising due care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land. *Riddle v. McLouth Steel Products Corp.*, 440 Mich. 85 (1992); *Lugo v. Ameritech Corp., Inc.*, 464 Mich. 512 (2001) (citing *Bertrand v. Alan Ford, Inc.*, 449 Mich. 606, 610 (1995)). "The rationale underlying this rule is that liability for injuries resulting from defectively maintained premises should rest upon the one who is in control or possession of the premises and, thus, is best able to prevent the injury." *Riddle*, 440 Mich. at 90 (citations omitted). The existence of a defective condition is what gives rise to a legal duty on the part of the premises owner in a premises liability action.

### A. Impermissible Speculation as to Causation

Defendant argues that plaintiff cannot definitively say that the identified deteriorated section of the curb was the exact location where her flip flop got stuck, causing her to fall and break her arm.  At her deposition, taken approximately three and a half years after the accident, plaintiff admitted that she could not remember the exact spot that she fell.  Plaintiff testified at her deposition that she could identify the place on the curb by looking at the picture of the sidewalk, saying: "I feel like just looking at it from this [picture], because that's where I was, that it was here."  (Beard dep. p. 37). When pressed by defendant's counsel, plaintiff said: "Looking at the location of it compared to the wall that I ran into, I'm assuming.  But I know there was a video, so I don't know."  (Beard dep. p. 42).

However, five days after the accident, plaintiff gave a recorded statement to defendant about her fall.  Defendant also took two photographs of the location identified by plaintiff.  (Exhibits B and C to plaintiff's response brief).  In her original statement, plaintiff describes the handicap ramp ending and the curb beginning, and locating the deteriorated portion that her flip flop got caught on as being where the ramp and the curb met.  (Exhibit F, pp. 3-6).  This identification is much more specific than the one made at the deposition.

Plaintiff's statement given to defendant in the days following the accident, together with the photographs of the area taken by defendant, give sufficient detail about the location of the defect such that the evidence in this case is not speculative. Compare *Stefan v. White*, 76 Mich. App. 654, 657, 661 (1977) (injured wife could not say how she fell, or whether she tripped over something; husband who signed affidavit about how the fall occurred did not see the fall and speculated as to why his wife fell).

Plaintiff provides more than a speculative theory of how the accident occurred. She provides her testimony of how the accident occurred, as well as pictures of the exact area she identified, both documented by defendant close in time to the date of the accident.

Defendant argues that the earlier recorded statement cannot be offered by plaintiff to support her claim because it is inadmissible hearsay. FRE 803(5) provides an exception to the hearsay rule for recorded recollection regardless of whether the declarant is available as a witness. The rule applies to a record that "(A) is on a matter the witness once knew about but now cannot recall well enough to testify fully and accurately; (B) was made or adopted by the witness when the matter was fresh in the witness's memory; and (C) accurately reflects the witness's knowledge." If admitted by the court, the record may be read into evidence, but may only be received as an exhibit if offered by an adverse party.

The requirement that the witness no longer has sufficient recollection to enable her to testify fully and accurately is there to discourage the use of statements prepared for the purposes of litigation. In this case, plaintiff should be able to rely on her recorded statement, made days after the incident, for the purpose of refreshing her memory about the location where her shoe was caught in the concrete. At that time she described the deteriorated portion of the curb located next to the handicapped ramp without hesitation. Defendant used her description to take pictures of the location. At her deposition plaintiff stated at least two separate times that she could not remember exactly where her foot got caught in the curb. (Beard dep., p. 37, 42). While she did

circle a different area on a photograph shown to her during her deposition, she did so while protesting that she did not remember if it was the place where her foot caught.

    B.  <u>Open and Obvious Defense</u>

The open and obvious danger rule, or defense, provides that "where the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee." *Williams v. Cunningham Drug Stores, Inc.*, 429 Mich. 495, 500 (1988); *see also, Laier v. Kitchen*, 266 Mich. App. 482 (2005). The test to determine if a danger is open and obvious is whether an average user of ordinary intelligence would have been able to discover the danger and the risk presented upon causal inspection. *Mann v. Shusteric Enterprises, Inc.*, 470 Mich. 320, 328 (2004).

Once a defendant's legal duty is established, if reasonable minds could differ on the question of whether a condition is open and obvious, the reasonableness of defendant's conduct becomes a question for the jury. *Mousa v. Wal-Mart Stores East, L.P.*, 2013 U.S. Dist. LEXIS 136119, 16 (E.D. Mich. 2013); *Riddle, supra* at 681-82 (citation omitted). In order to find the defendant negligent, the jury must decide whether the defendant breached the legal duty owed to plaintiff, and whether the breach of duty was the proximate cause of plaintiff's injuries. For example, if the dangerous condition on the premises is hidden but known to the owner, the owner is obligated to warn the invitee of the danger. An owner's failure to warn under these circumstances may be a breach of the legal duty owed to a plaintiff. Where the dangerous condition on the property is known or obvious to the invitee, the premises owner may still be required to

exercise reasonable care to protect the invitee from the danger if the owner has reason to believe the invitee will suffer harm.  What constitutes reasonable care under the circumstances must be determined from the facts of each case.  See *Bunch v. Long John Silver, Inc.*, 878 F.Supp. 1044, 1047 (E.D. Mich. 1995).

When giving her statement to defendant, plaintiff described how her foot "went into" the crumbled area and the front of her flip flop got "caught."  While the curb's deteriorated condition was not hidden, the extent of the deterioration was not something an ordinary person would be aware of as they were walking toward the door of the store.

> People in ordinary life do not "inspect" the ground before they walk, absent some special reason to do so, such as the presence of ice or snow.  Of course, a reasonable person will look where she is going.  But there is a critical difference between being aware of one's surroundings and looking down at the ground while walking.

*Matteson v. Northwestern Airlines, Inc.*, 495 Fed. Appx. 689, 692 n.3 (6th Cir. 2012).  This accident occurred on a sunny dry day.  Plaintiff explained that she was aware of her surroundings, was looking where she was going, appreciated the existence of a curb, but got caught in the defect.  Any person entering or exiting defendant's store will necessarily have their attention divided as they take in their surroundings.  They are simultaneously looking at the ground, navigating traffic, watching other people entering and exiting the store, all while perhaps pushing carts or carrying items purchased or to be returned.

In this case, the deteriorated nature of the curb would have been noticeable to any casual observer approaching the curb.  What may not have been as noticeable is the depth of the cavity or nature of the hole, and the fact that rubber caulk might have

been protruding into the void, such that a flip flop style shoe could become caught while a person tried to step over the defect. Furthermore, it is fair to infer from the nature of the hazard that it was present for some time before this accident occurred.

So, while the defect itself was there for the ordinary person to see, the fact that a shoe could get caught in the defect was not necessarily open and obvious to anyone looking down while they walked over the defect. There exists an issue of fact whether the defect at issue in this case was discoverable upon casual inspection, and if so whether defendant should have anticipated the need to repair the defect in order to keep the entrance way in a safe condition despite such knowledge.

## CONCLUSION

For the reasons stated in this opinion and order, defendant's motion for summary judgment is denied.

Dated: September 20, 2016

        s/George Caram Steeh
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 20, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---